UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALEB LEWIS,

       Plaintiff,

CASE NO. 1:07-CV-772

v.

HON. ROBERT J. JONKER

CINDI S. CURTIN,

       Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 28) and Petitoner Lewis's Objections to it (docket # 29). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. Lewis is not entitled to habeas corpus relief, is factually sound and legally correct.

Mr. Lewis's petition centers on a violation of the Confrontation Clause that occurred when the state trial court admitted out-of-court statements by a witness, Troy Jackson, whom Mr. Lewis did not have the opportunity to cross-examine and who was not shown to be unavailable. (R. and R., docket # 28.) Lieutenant John Dragunchuk testified at trial that Mr. Jackson had admitted to him that Mr. Jackson was one of the robbers. (Id. at 5.) No one disputes that the admission of the hearsay statements of Troy Jackson violated the Confrontation Clause. The issue is whether the violation had a 'substantial and injurious effect' as described in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), or was instead harmless error. *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007); *Vasquez v. Jones*, 496 F.3d 564, 574-75 (6th Cir. 2007).

To make such a determination, Sixth Circuit courts look to the factors delineated in *Delaware v. Van Arsdall*, 475 U.S. 673 (1986). The factors include (1) "the importance of the witness'[s] testimony in the prosecution's case[;]" (2) "whether the testimony was cumulative[;]" (3) "the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points[;]" (4) "the extent of cross-examination otherwise permitted;" and (5) "the overall strength of the prosecution's case." *Van Arsdall*, 475 U.S. at 684. In his Report and Recommendation, the Magistrate Judge carefully applied the *Van Arsdall* factors. (R. and R., docket # 28, at 14.) After reviewing the evidence presented at trial, excluding Mr. Jackson's hearsay statements, the Magistrate Judge found ample support for the jury's verdict. The Magistrate Judge determined that the Confrontation Clause violation was harmless error.

In his objections, Mr. Lewis offers additional information to support his argument that the admission of the hearsay statements had a substantial and injurious effect on his trial. Mr. Lewis asserts that because the trial court allowed Mr. Jackson's hearsay statements to come into evidence, Mr. Lewis had little choice but to take the stand to respond to the hearsay statements. (Obj., docket # 29, at 3.) He suggests that but for the admission of the hearsay statements, he would not have taken the stand. (*Id.*) In addition, Mr. Lewis points out reasons the jury might have chosen to discount the testimony against him from Margaret Kronner, a customer present during the robbery at Radio Shack, and Diamond Jackson, Mr. Lewis's girlfriend at the time of the robbery. (*Id.* at 2-3.) Margaret Kronner identified Mr. Lewis as the robber who struck her across the face when she attempted to leave the store, and Diamond Jackson testified that she met Mr. Lewis and Mr. Jackson the day of the robberies and drove them to a Target. (R. and R., docket # 28, at 14.) As to the first point, Mr. Lewis does not articulate how his own testimony at trial hurt his case, even assuming he chose to provide it only because of the hearsay statement attributed to Mr. Jackson. As to the testimony of Ms. Kronner and Ms. Jackson, the question here is not whether the jury could have chosen to discount some or all of their testimony against him. Rather, the Court is obligated to assess the evidence in the light most favorable to the prosecution, as the winner of the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, Mr. Lewis's objections are unavailing.

Moreover, even looking at the record entirely apart from the testimony of Mr. Lewis, Ms. Kronner, and Ms. Jackson, the prosecution's case against Mr. Lewis remains exceedingly strong. Mr. Lewis does not address in his objections evidence entirely separate from the hearsay statements and from Mr. Lewis, Ms. Kronner and Ms. Jackson's testimony. Such evidence includes: the proximity in time (about twenty-four minutes) between the robbery and Mr. Lewis's arrival at

3

Target; Mr. Lewis's non-testimonial stipulation that the Target security video showed him; Ms. Neill's testimony that in three separate transactions, Mr. Lewis used the credit card of Mr. Neumann, one of the robbery victims, at Target; and the testimony of Officer Young, the forensic video expert, who identified Mr. Lewis in the Target security video as one of the robbers in the Radio Shack security video. Given the strength of the prosecution's case, the Court concludes that the Confrontation Clause violation did not create the "substantial and injurious effect" that would warrant habeas relief. The Court agrees with the Magistrate Judge that the decision of the Michigan Court of Appeals finding harmless error cannot be deemed contrary to or an unreasonable application of clearly established Supreme Court authority.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas

4

corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Lewis has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Lewis is not entitled to the habeas corpus relief he seeks. Mr. Lewis is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 28) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated:     September 29, 2010                /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE